# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ELERY D. FARLEY,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0628** (BOR Appeal No. 2047957)
　　　　　　　(Claim No. 2011033810)

**PANTHER BRANCH COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elery D. Farley, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Panther Branch Coal Company, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 21, 2013, in which the Board affirmed a December 10, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 6, 2012, decision not to authorize a nerve conduction study and not to add cubital tunnel syndrome as a compensable condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Farley, an employee for Panther Branch Coal Company, injured himself on January 7, 2011, when he fell on his side while using the miner's cable. Mr. Farley was evaluated by Jack Steel, M.D., who originally diagnosed internal derangement syndrome and a strain of the rotator cuff. Thereafter, Mr. Farley had an MRI of his shoulder. It revealed no internal derangement, just degenerative changes in the acromiclavicular joint consistent with arthritis. On April 21, 2011, the claims administrator held the January 7, 2011, injury compensable for a strain of the rotator

cuff and other unspecified fall. On January 18, 2012, a full year after the compensable injury, Mr. Farley reported to Paul Bachwitt, M.D., that he had discomfort in his elbow. Dr. Bachwitt noted Mr. Farley was not at his maximum degree of medical improvement and that he would probably need left shoulder arthroscopy for glenohumeral debridement and subacromial decompression with rotator cuff repair. Dr. Bachwitt opined that this surgery should be allowed under the January 7, 2011, claim rather than a prior claim of 2003 since Mr. Farley's symptoms began after the subject injury of January 7, 2011. Mr. Farley underwent surgery on his left shoulder and on March 6, 2012, he reported to Dr. Steel for a post-operative follow-up. Dr. Steel, for the first time since the January 7, 2011, injury, noted elbow discomfort. Based upon Mr. Farley's symptoms, Dr. Steel requested that cubital tunnel syndrome be added to the list of compensable conditions related to the January 7, 2011, injury. Dr. Steel did not explain the connection between the symptoms experienced on January 18, 2012, and the January 7, 2011, injury. Mr. Farley was then referred to Dr. Bachwitt for an independent medical evaluation and Prasadarao Mukkmala, M.D., for a physician's review. Both Drs. Mukkamala and Bachwitt arrived at the conclusion that Mr. Farley's cubital tunnel syndrome, if it exists, cannot in any way be causally related to the January 7, 2011, injury. Mr. Farley requested that cubital tunnel syndrome be added as a compensable diagnosis in relation to the January 7, 2011, injury. Mr. Farley also requested a nerve conduction study. The claims administrator denied both requests.

The Office of Judges found that cubital tunnel syndrome was not a compensable condition related to the January 7, 2011, injury. The Office of Judges determined that the January 7, 2011, injury and the January 18, 2012, symptoms could not be causally related to each other because of the separation in time. Furthermore, the Office of Judges noted that both Dr. Mukkamala and Dr. Bachwitt agree that the symptoms experienced by Mr. Farley could not have been the result of the January 7, 2011, injury. The Office of Judges concluded that since cubital tunnel syndrome was not a compensable condition, a nerve conduction study would neither be medically related nor reasonable. The Office of Judges noted that the nerve conduction study would not be useful as a diagnostic tool because it would not matter if Mr. Farley actually suffered from cubital tunnel syndrome since the requisite casual connection between the January 7, 2011, injury and the current symptoms does not exist. Accordingly, the Office of Judges did not authorize a nerve conduction study or add cubital tunnel syndrome as a compensable condition. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and Board of Review. Mr. Farley has failed to establish any causal connection between the condition of cubital tunnel syndrome and the January 7, 2011, injury. The first complaint of elbow discomfort came a full year after the compensable injury and there is no evidence that they are in any way related. Furthermore, both Drs. Mukkamala and Bachwitt agree that there is no connection between the cubital tunnel syndrome and the compensable injury. In regard to the authorization of a nerve conduction study, we agree with the Office of Judges and Board of Review that it is not medically necessary.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 12, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II